**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.

DAVID YEAGER, NICOLE FISHER, JACK
YEAGER, and SIMONE YEAGER,

                Plaintiffs,

v.

HUNTERS RUN PROPERTY OWNERS
ASSOCIATION, INC. d/b/a HUNTERS RUN
COUNTRY CLUB,

                Defendant.

## <u>NOTICE OF REMOVAL</u>

Defendant, Hunters Run Property Owners Association, Inc., (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, & 1446 and Rule 81(c) of the Federal Rules of Civil Procedure, hereby files this Notice of Removal and removes this action from the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County. As grounds for this removal, Defendant states as follows:

1.     Hunters Run Property Owners Association, Inc. d/b/a Hunters Run Country Club, has been named as a party defendant in the case of <u>David Yeager, Nicole Fisher, Jack Yeager, and Simone Yeager v. Hunters Run Property Owners Association, Inc. d/b/a Hunters Run Country Club</u>, Case No. 50-2021-CC-012845-XXXX-SB, pending in the County Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

2.     The original Summons and Complaint was filed in state court on December 1, 2021 and served on or about December 9, 2021.

3.     The Complaint alleges a violation of Sections 804(B) and (C) of the Fair Housing Act ("FHA"), 42 U.S.C. §3604, a federal law.  See Counts III and IV of the Complaint.  Because the alleged FHA claims arise under the laws of the United States (i.e. they present a federal question), this action is properly removable to the United States District Court, Southern District of Florida, as this action is within the Court's original jurisdiction.  See 28 U.S.C. §§ 1331 & 1441. In this regard, 28 U.S.C. § 1331 states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Further, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." Moreover, the Court has supplemental jurisdiction over the remaining claims alleged in the Complaint (Counts I and II), pursuant to 28 U.S.C. §1367(a), because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.     This case is being timely removed to Federal Court within thirty (30) days of service, as provided in 28 U.S.C. § 1446(b).

5.     In accordance with the provisions of 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendant are attached hereto as Exhibit "A".

6.     Written notice of the filing of this removal notice shall promptly be given to Plaintiffs through their counsel, and a copy of the Notice of Removal shall promptly be filed with the Clerk of the Circuit Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, the Defendant respectfully removes this matter from the County Court in and for Palm Beach County, Florida, Case No. 50-2021-CC-012845-XXXX-SB, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

By: /s/Arianne B. Suarez
Arianne B. Suarez, Esquire
Florida Bar No: 143529
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Main (954) 838-8832 / Fax (954) 838-8842
E-mail: absuarez@mc-atty.com
Attorneys for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 3, 2022, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:  /s/Arianne B. Suarez
Arianne B. Suarez, Esquire
Florida Bar No: 143529

## SERVICE LIST

David N. Tolces, Esq.
Weiss Serota Helfman Cole Bierman, P.L.
1200 N. Federal Hwy., Suite 312
Boca Raton, FL 33432
E-mail: dtolces@wsh-law.com
E-mail: rwelch@wsh-law.com
For: Plaintiffs

Matthew T. Ramenda, Esq.
Weiss Serota Helfman Cole Bierman, P.L.
1200 N. Federal Hwy., Suite 312
Boca Raton, FL 33432
E-mail: mramenda@wsh-law.com
E-mail: rburks@wsh-law.com
For: Plaintiffs

By: _/s/Arianne B. Suarez_____
    Arianne B. Suarez, Esquire
    Florida Bar No: 143529

# Exhibit A

**** CASE NUMBER: 502021CC012845XXXXSB Div: RD ****

CBS# 2047

Filing # 139488468 E-Filed 12/01/2021 03:43:38 PM

IN THE COUNTY COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.

DAVID YEAGER, NICOLE FISHER,
JACK YEAGER, and SIMONE YEAGER,

        Petitioners,

v.

HUNTERS RUN PROPERTY OWNERS
ASSOCIATION, INC. d/b/a HUNTERS
RUN COUNTRY CLUB,

        Respondent.

_____/

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant, Hunters Run Property Owners Association, Inc. d/b/a Hunters Run Country Club, at the following address:

Hunters Run Property Owners Association, Inc.
3500 Clubhouse Lane
Boynton Beach, FL 33436

Respondent is required to serve written defenses to the Complaint on Petitioner's Attorney:

**Matthew T. Ramenda, Esq.**
**Weiss Serota Helfman Cole & Bierman, P.L.**
**1200 N. Federal Hwy., Suite 312**
**Boca Raton, FL 33432**
**Telephone: (561) 835-2111**
**Primary Emails: mramenda@wsh-law.com**
**Secondary Email: rburks@wsh-law.com**

within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the Complaint.

WITNESS my hand and the Seal of this Court, this ___3rd___ day of December, 2021.



Joseph Abruzzo
Clerk of the Courts
By: ___Nina Byrd___
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demando legalmente. Tiene veinte (20) dias, constados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considera su defensa debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada en dicho caso. Si usted no contesta la demanda a tiempo, pudies perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus deredchos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatements. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

2

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite avec mention du numero de dossier ci-dessus et du nom des parties nomees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocats, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez do deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au corone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.  No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties.  If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

           3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**.  ADR provides parties with an out-of-court alternative to settling disagreements.  Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

        **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

                                        **Administrative Circuit Judge**

Filing # 139488468 E-Filed 12/01/2021 03:43:38 PM

IN THE COUNTY COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.

DAVID YEAGER, NICOLE FISHER,
JACK YEAGER and SIMONE YEAGER,

      Petitioners,

v.

HUNTERS RUN PROPERTY OWNERS
ASSOCIATION, INC. d/b/a HUNTERS
RUN COUNTRY CLUB,

      Respondent.

_____/

## COMPLAINT

**COMES NOW** Petitioners, David Yeager, Nicole Fisher, Jack Yeager and Simone Yeager,

by and through undersigned counsel, to file this lawsuit against Respondent, Hunters Run Property

Owners Association, Inc. d/b/a Hunters Run Country Club, and allege as follows:

### PARTIES, JURISDICTION & VENUE

1.     Respondent, Hunters Run Property Owners Association, Inc. d/b/a Hunters Run

Country Club ("Hunters Run"), is a not-for-profit corporation and the property owners association

responsible for maintaining and managing the mandatory membership community in which 13D

Stratford Drive E, Boynton Beach, FL 33436 (the "Subject Property") is located.

2.     Petitioner, David Yeager, is a natural person and a guest of the owners of the

Subject Property located within the community maintained and managed by Hunters Run.

3.     Petitioner, Nicole Fischer, is a natural person and a guest of the owners of the

Subject Property located within the community maintained and managed by Hunters Run.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 2 of 9

      4.     Petitioner, Jack Yeager, is a natural person and owner of the Subject Property.

      5.     Petitioner, Simone Yeager, is a natural person and owner of the Subject Property.

      6.     Jurisdiction is proper pursuant to Section 34.01, Fla. Stat.

      7.     Venue is proper in Palm Beach County pursuant to Section 47.051, Fla. Stat.

      8.     All conditions precedent to the filing of this action have been performed, have been waived, or have otherwise occurred.

      9.     In the event the Court finds a discriminatory practice has occurred, the Petitioners' counsel, the law firm of Weiss Serota Helfman Cole & Bierman, P.L. ("Weiss Serota"), is entitled to recover reasonable attorney's fees and costs from Hunters Run.

## GENERAL ALLEGATIONS

      10.    On December 13, 2018, David Yeager and Nicole Fisher (collectively the "Parents") brought their then 19-month old daughter (the "Child") to the main clubhouse swimming pool (the "Clubhouse Pool") located within the community maintained and managed by Hunters Run.

      11.    Jack Yeager and Simone Yeager are the grandparents of the Child and, at all times relevant to this lawsuit, were the owners of the Subject Property.

      12.    On December 13, 2018, the Parents and their Child were guests of the owners of the Subject Property and were all legally entitled to be at the Clubhouse Pool.

      13.    On December 13, 2018, while appropriately accompanied and supervised by her Parents, the Child placed her feet in the Clubhouse Pool while appropriately clothed and wearing a swim diaper.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 3 of 9

14.    Notwithstanding the fact that the Child was appropriately clothed and wearing a swim diaper, an employee of Hunters Run approached the Parents and demanded that the Child be removed from the Clubhouse Pool.

15.    The employee of Hunters Run further informed the Parents on December 13, 2018 that the Child could not use the Clubhouse Pool and could only use a pool designated for children (the "Kiddie Pool").

16.    The President of Hunters Run, Jack Gorny, has confirmed that, prior to the December 13, 2018 incident described above, there have been other instances in which an employee of Hunters Run has demanded that a child wearing a swim diaper be removed from the Clubhouse Pool.

**COUNT I**
**VIOLATION OF SEC. 15-58(2)**
**PALM BEACH COUNTY CODE OF ORDINANCES**

17.    Petitioners reallege and incorporate Paragraphs 1 – 16 as though fully set forth in Count I.

18.    Petitioners belong to a class of persons protected from unlawful discrimination by the Palm Beach County Code of Ordinances (the "County Code") due to familial status.

19.    Petitioners, as well as the Child, were qualified and ready to use the Clubhouse Pool on December 13, 2018.

20.    Petitioners and the Child attempted to use the Clubhouse Pool on December 13, 2018 consistent with the terms and conditions applicable to all persons.

21.    Hunters Run willfully and intentionally refused to permit the Child and the Petitioners to use the Clubhouse Pool because the Child was wearing a swim diaper.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 4 of 9

22.     Hunters Run has on multiple occasions demanded that children wearing swim diapers be removed from the Clubhouse Pool and relegated to the Kiddie Pool.

23.     Hunters Run permitted others outside of the protected class afforded to Petitioners due to familial status to use the Clubhouse Pool after the December 13, 2018 incident.

24.     There is and was no legitimate reason for Hunters Run to have excluded Petitioners, as well as the Child, from using the Clubhouse Pool on December 13, 2018.

25.     There is no evidence of actual harm that justifies Hunters Run's exclusion of the Petitioners and the Child from the Clubhouse Pool on December 13, 2018.

26.     Hunters Run has unlawfully discriminated against Petitioners in violation of Sec. 15-58 of the County Code.

27.     Petitioners are entitled to damages pursuant to Sec. 15-56(d) of the County Code.

**WHEREFORE**, Petitioners respectfully request that this Court enter judgment in favor of Petitioners and against Hunters Run:  (1) finding a discriminatory practice has occurred, (2) ordering the prohibition of the discriminatory practice, (3) providing affirmative relief from the discriminatory practice, (4) awarding actual and punitive damages to Petitioners pursuant to Sec. 15-56(d) of the County Code, (5) ordering Hunters Run to pay the reasonable attorney's fees and costs charged by Weiss Serota in bringing this action pursuant to the County Code, and (6) for such other and further injunctive and equitable relief in favor of Petitioners and against Hunters Run that the Court deems just and proper.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 5 of 9

## COUNT II
### VIOLATION OF SEC. 15-58(3)
### PALM BEACH COUNTY CODE OF ORDINANCES

28.     Petitioners reallege and incorporate Paragraphs 1 – 16 as though fully set forth in Count II.

29.     Petitioners belong to a class of persons protected from unlawful discrimination by the County Code due to familial status.

30.     Hunters Run made, printed and published rules pertaining to the Clubhouse Pool that expressed a limitation on Petitioners' status as a protected class.

31.     Hunters Run's rules pertaining to the Clubhouse Pool have a disparate and unreasonable impact on children.

32.     Hunters Run demanded that Petitioners remove the Child from the Clubhouse Pool while the Child was wearing a swim diaper.

33.     The rule prohibiting children in swim diapers from using the Clubhouse Pool is not motivated by legitimate concerns for health and safety reasons.

34.     The rule prohibiting children in swim diapers from using the Clubhouse Pool is unreasonable.

35.     The rule prohibiting children in swim diapers from using the Clubhouse Pool constitutes unlawful discrimination based on familial status.

36.     Hunters Run has discriminated against Petitioners in violation of Sec. 15-58 of the County Code.

37.     Petitioners are entitled to damages pursuant to Sec. 15-56(d) of the County Code.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 6 of 9

**WHEREFORE**, Petitioners respectfully request that this Court enter judgment in favor of Petitioners and against Hunters Run: (1) finding a discriminatory practice has occurred, (2) ordering the prohibition of the discriminatory practice, (3) providing affirmative relief from the discriminatory practice, (4) awarding actual and punitive damages to Petitioners pursuant to Sec. 15-56(d) of the County Code, (5) ordering Hunters Run to pay the reasonable attorney's fees and costs charged by Weiss Serota in bringing this action pursuant to the County Code, and (6) for such other and further injunctive and equitable relief in favor of Petitioners and against Hunters Run that the Court deems just and proper.

## COUNT III
## VIOLATION OF SEC. 804(C) OF THE FAIR HOUSING ACT

38.     Petitioners reallege and incorporate Paragraphs 1 – 16 as though fully set forth in Count III.

39.     Petitioners belong to a class of persons protected from unlawful discrimination by Section 804(c) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988 (the "Fair Housing Act").

40.     Hunters Run made, printed and published rules pertaining to the Clubhouse Pool that expressed a limitation on Petitioners' status as a protected class.

41.     Hunters Run's rules pertaining to the Clubhouse Pool have a disparate and unreasonable impact on children.

42.     Hunters Run demanded that Petitioners remove the Child from the Clubhouse Pool while the Child was wearing a swim diaper.

43.     The rule prohibiting children in swim diapers from using the Clubhouse Pool is not motivated by legitimate concerns for health and safety reasons.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 7 of 9

44.     The rule prohibiting children in swim diapers from using the Clubhouse Pool is unreasonable.

45.     The rule prohibiting children in swim diapers from using the Clubhouse Pool constitutes unlawful discrimination based on familial status.

46.     Hunters Run has discriminated against Petitioners in violation of Sec. 804(c) of the of the Fair Housing Act.

**WHEREFORE**, Petitioners respectfully request that this Court enter judgment in favor of Petitioners and against Hunters Run:  (1) finding a discriminatory practice has occurred, (2) ordering the prohibition of the discriminatory practice, (3) providing affirmative relief from the discriminatory practice, (4) awarding actual and punitive damages to Petitioners as permitted by the Fair Housing Act, (5) ordering Hunters Run to pay the reasonable attorney's fees and costs charged by Weiss Serota in bringing this action pursuant to the Fair Housing Act, and (6) for such other and further injunctive and equitable relief in favor of Petitioners and against Hunters Run that the Court deems just and proper.

## COUNT IV
## <u>VIOLATION OF SEC. 804(B) OF THE FAIR HOUSING ACT</u>

47.     Petitioners reallege and incorporate Paragraphs 1 – 16 as though fully set forth in Count I.

48.     Petitioners belong to a class of persons protected from unlawful discrimination by the Fair Housing Act due to familial status.

49.     Petitioners, as well as the Child, were qualified and ready to use the Clubhouse Pool on December 13, 2018.

50.     Petitioners and the Child attempted to use the Clubhouse Pool on December 13,

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 8 of 9

2018 consistent with the terms and conditions applicable to all persons.

51.     Hunters Run willfully and intentionally refused to permit the Child and the Petitioners to use the Clubhouse Pool because the Child was wearing a swim diaper.

52.     Hunters Run has on multiple occasions demanded that children wearing swim diapers be removed from the Clubhouse Pool and relegated to the Kiddie Pool.

53.     Hunters Run permitted others outside of the protected class afforded to Petitioners due to familial status to use the Clubhouse Pool after the December 13, 2018 incident.

54.     There is and was no legitimate reason for Hunters Run to have excluded Petitioners, as well as the Child, from using the Clubhouse Pool on December 13, 2018.

55.     There is no evidence of actual harm that justifies Hunters Run's exclusion of the Petitioners and the Child from the Clubhouse Pool on December 13, 2018.

56.     Hunters Run has unlawfully discriminated against Petitioners in violation of the Fair Housing Act.

**WHEREFORE,** Petitioners respectfully request that this Court enter judgment in favor of Petitioners and against Hunters Run:  (1) finding a discriminatory practice has occurred, (2) ordering the prohibition of the discriminatory practice, (3) providing affirmative relief from the discriminatory practice, (4) awarding damages to the Petitioners as permitted by the Fair Housing Act, (5) ordering Hunters Run to pay the reasonable attorney's fees and costs charged by Weiss Serota in bringing this action pursuant to the Fair Housing Act, and (6) for such other and further injunctive and equitable relief in favor of Petitioners and against Hunters Run that the Court deems just and proper.

*David Yeager, et al. v. Hunters Run Property Owners Ass'n, Inc.*
Case No.
Complaint
Page 9 of 9

   Respectfully submitted on this <u>1st</u> day of December, 2021.

      WEISS SEROTA HELFMAN
      COLE & BIERMAN, P.L.
      *Counsel for Petitioners*
      1200 N. Federal Hwy., Suite 312
      Boca Raton, FL 33432
      Telephone: (561) 835-2111
      Telecopier: (954) 764-7770

     By: <u>*/s/ Matthew T. Ramenda*</u>
      David N. Tolces
      Florida Bar No. 816353
      Primary: dtolces@wsh-law.com
      Secondary: rwelch@wsh-law.com
      Matthew T. Ramenda
      Florida Bar No. 863076
      Primary: mramenda@wsh-law.com
      Secondary: rburks@wsh-law.com