**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:22-cv-80008-RAR

DAVID YEAGER, NICOLE FISHER, JACK YEAGER, and SIMONE YEAGER,

        Plaintiffs,

v.

HUNTERS RUN PROPERTY OWNERS ASSOCIATION, INC. d/b/a HUNTERS RUN COUNTRY CLUB,

        Defendant.

**DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Hunters Run Property Owners Association, Inc., (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim, as further set forth below.

**I.   INTRODUCTION**

Plaintiffs have filed this action against Defendants alleging familial status discrimination under two different provisions of the Fair Housing Act, Sections 3604(b) and (c), (Counts III and IV) and the parallel provisions of the Palm Beach County Code of Ordinances ("County Code"), Sections 15-58(2) and (3) (Counts I and II). The first provision of the respective federal and local laws, makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith,

because of ... familial status.  See 3604(b) and 15-58(2).  The second provision makes it unlawful to "make, print, or publish or cause to be made, printed or published, any notice, statement or advertisement, with respect to the sale or rental of dwelling that indicates any preference, limitation or discrimination based on ... familial status…or an intention to make any such preference, limitation or discrimination."  See 3604(c) and 15-58(3).

In the Complaint, Plaintiffs, David Yeager and Nicole Fisher, allege that they and their 19 month old daughter ("child") were guests of Jack Yeager and Simone Yeager, who are the child's grandparents, when they visited the Clubhouse pool at the Hunters Run Community on December 13, 2018, over 3 years ago.  See Complaint at para.2-3; 10-11.  Jack Yeager and Simone Yeager are owners of the home located within the Hunters Run Community.  See Complaint at para. 4-5.

Plaintiffs allege that the child was not permitted to use the pool because she was wearing a swim diaper, and based on that allegation, claim that Defendant allegedly violated the above-cited fair housing provisions.  See Complaint at para. 21.

Defendant moves to dismiss the Complaint on the following grounds: (1) the action is barred by the 2 year statute of limitations; (2) Plaintiffs are not within the class of persons protected by the familial status provision of the FHA and County Code because the child upon whom the claims are based was not nor is domiciled with the homeowners as would be required by the definition of the term  "familial status" under the FHA, and thus, all Plaintiffs lack standing; and (3) no cognizable claim for discrimination based on disparate treatment or adverse impact has been pled or can be maintained.  Plaintiffs allege in a conclusory fashion that Hunters Run made, printed and published rules pertaining to the Clubhouse Pool that expressed a limitation on Petitioners' status as a protected class, but fail to cite or quote any such rules in their Complaint that the Court could examine to determine, whether in fact, such a rule even contains such a limitation as opposed

to being a rule that is applicable to all persons. See Complaint at para. 30-31. Such pleading is insufficient and does not meet the pleading standard set forth in Twombly/Iqbal or the standard that governs the pleading of adverse impact claims.

## II.     MOTION TO DISMISS STANDARD

### A.     Rule 12(b)(1) Standard

Attacks on subject matter jurisdiction, including standing, may be either facial or factual. See Nelson v. One Way Design, Inc., 2015 WL 3772268 (S.D. Fla. 2015), citing Lawrence v. Dunbar, 919 F. 2d 1525, 1528-29 (11th Cir. 1990). A factual attack of subject matter jurisdiction "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings." Menchaca v. Chrysler Credit Corp., 613 F. 2d 507, 511 (5th Cir. 1980). In a factual attack, "matters outside the pleadings, such as testimony and affidavits, are considered." Id. "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to plaintiff's allegations." See Nelson, citing Lawrence, 919 F. 2d at 1529.

### B.     Rule 12(b)(6) Standard

The purpose of a 12(b)(6) motion to dismiss is to test the facial sufficiency of the complaint. See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997); Mora v. Martinez-Clark, 2017 WL 3421494, *1 (M.D. Fla. Aug. 9, 2017); Lane-Gardner v. City of Tampa, 2009 WL 3417859, *7 (M.D. Fla. Oct. 20, 2009). To survive dismissal under 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Owens-Benniefield v. BSI Financial Services, 806 Fed.Appx. 853, 855 (11th Cir. 2020), citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Stating a claim upon which relief may be granted "requires more than labels

3

and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. Id. at 856, citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Moreover, while a court must accept well pleaded factual allegations as true, it need not accept as true conclusory allegations, legal conclusions, or conclusions of mixed fact and law. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Randall v. Scott, 610 F.3d 701, 709-710 (11th Cir. 2010). The court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Chaparro v. Carnival Corp., 693 F. 3d 1333, 1337 (11th Cir. 2012).

Nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678.  In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004); Babadjide v. Betts, 2018 WL 679460, *1 (M.D. Fla. Feb. 1, 2018).

**III.   ARGUMENT**

**A.   The Statute of Limitations Bars Plaintiffs' Claims**

The FHA and County Code provide for a 2-year statute of limitations to file a civil action.

42 U.S.C. 3613(a) provides as follows:

(1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

4

(B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice. This subparagraph does not apply to actions arising from a breach of a conciliation agreement.

See also Section 15-56(a) and (b) of the County Code providing same limitations period.

Plaintiffs filed a charge of housing discrimination with HUD and the local administrative agency, Palm Beach County Office of Equal Opportunity, on May 17, 2019 concerning the alleged violation on December 13, 2018. See Exh. A. The charge was closed on January 27, 2020. See Exh. B.[1] Therefore, the time-period between May 17, 2019 and January 27, 2020, 255 days, is not included in the calculation of the 2-year statute of limitations from the alleged violation date of December 13, 2018. Therefore, the deadline for Plaintiffs to have filed this action was August 25, 2021, and Plaintiffs did not file this action until December 9, 2021.

Nor does a continuing violation theory salvage their complaint because Plaintiffs fail to allege any violation that affected them or that they would have standing to pursue within the 2-year period preceding the filing of this lawsuit. Plaintiffs do not allege any violation or that they suffered any injury during the limitations period nor that they will likely suffer an injury in the future because of the challenged policy that they fail to cite or quote. "Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies." Christian Coal of Fla., Inc. v. United States, 662 F. 3d 1182, 1189 (11th Cir. 2011) (internal quotation marks omitted). One aspect of the case-and-controversy restriction is that a plaintiff must have standing to challenge the action sought to be adjudicated in the lawsuit. Nelson at *1. To establish standing,

---

[1] The Court may consider an extrinsic document if it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." See SFM Holdings, Ltd. V. Banc of Am. Sec., LLC, 600 F. 3d 1334, 1337 (11th Cir. 2010). See also Ward v. Huntsman Advanced Materials LLC, 2021 WL 4256468 (S.D. Ala. 2021)(an EEOC charge attached to a motion to dismiss may be considered where it was central to a complaint brought by a charging party, and the authenticity of the charge was not disputed). Since Plaintiffs allege in their Complaint that they have satisfied all conditions precedent to bring this suit, and such allegation is challenged, these pre-suit administrative filing and closure documents are central to plaintiffs' claim in the calculation of the applicable statute of limitations.

5

a plaintiff must show that (1) he suffered an injury in fact, (2) the injury was causally connected to the defendant's action, and (3) the injury would be redressed by a judgment in his favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Based on the allegations in the Complaint, Plaintiffs David Yeager, Nicole Fisher, and their child, upon whom they base their claim for familial status discrimination, do not reside at the property, and there is no allegation that their child would still be affected by the challenged swim diaper rule or that there is a likelihood of injury in the future to support any claim for injunctive relief. Accordingly, the Complaint is due to be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

### B.     Plaintiffs are not covered by the FHA familial status provision.

42 U.S.C. 3604(b) or Section 804(b) of Title VIII of the Civil Rights of 1968, as amended by the Fair Housing Act of 1988, provides that it shall be unlawful:

> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

Plaintiffs David Yeager and Nicole Fisher do not own or rent nor did they previously own or rent a dwelling in the community. Nor were they nor their child domiciled with Jack Yeager and Simone Yeager, who do own a home in the community. Familial status is defined as follows:

> (k) "Familial status" means one or more individuals (who have not attained the age of 18 years) **being domiciled with**—
>
> (1) a parent or another person having legal custody of such individual or individuals; or
>
> (2) the designee of such parent or other person having such custody, with the written

permission of such parent or other person.

The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.

42 U.S.C. 3602(k) (emphasis added).

Section 15-37(11) of the County Code defines familial status the same as the FHA.

Because the child referenced in the complaint is not domiciled with the homeowners, Jack and Simone Yeager, none of the Plaintiffs are covered by the FHA's familial status provision.

All Counts must be dismissed for lack of coverage under the FHA and the County Code.

C. **No cognizable claim for disparate treatment or adverse impact has been pled or can be maintained**

Plaintiffs allege in a conclusory fashion that Hunters Run made, printed, and published rules pertaining to the Clubhouse Pool that expressed a limitation on Petitioners' status as a protected class. Plaintiffs base their disparate treatment and adverse impact claims upon such rules but fail to cite or quote any specific rule in their Complaint that forms the basis of their claims. Plaintiffs simply draw a conclusion from an unspecified rule which conclusion the Court need not accept as true. Plaintiffs' allegations that the alleged rules are discriminatory or create an adverse impact on children are too conclusory to meet the Twombly/Iqbal pleading standard which provides that a Court need not accept as true conclusory allegations, legal conclusions, or conclusions of mixed fact and law. Iqbal at 678. Naked assertions devoid of further factual enhancement are insufficient to state a claim. Id.

With regard to the adverse impact claim, the Complaint fails to state one. To establish such a claim, a plaintiff must prove that the challenged policy has a " 'disproportionately adverse effect on minorities' and [is] otherwise unjustified by a legitimate rationale." See Tex. Dep't. of Housing & Cmty. Affairs v. Inclusive Cmtys Project, Inc., 135 S. Ct. 2507, 2513 (2015). To state

a claim for disparate impact under the FHA, a plaintiff must allege: (1) that there are statistically imbalanced practices which adversely impact a minority group; (2) identify a facially neutral policy followed by the defendant during the same period of time; (3) show how that policy is artificial, arbitrary, and unnecessary; and (4) facts that meet the "***robust causality***" requirement linking the challenged neutral policy to a specific adverse racial or ethnic disparity. See City of Miami v. Bank of America, Corp., 171 F. Supp. 3d 1314, 1320 (S.D. 2016) (citing Inclusive Cmtys., 135 S. Ct. at 2524, 2550); EEOC v. Joe's Stone Crab, Inc., 220 F. 3d 1263, 1274-78 (11th Cir. 2000) and dismissing disparate impact claim on motion to dismiss).

Counts II and III fail to cite any statistically imbalanced practice affecting children, the facially neutral policy that defendant followed, how the policy is artificial, arbitrary or unnecessary, or any facts that would show a "robust causality" linking the challenged policy to a specific adverse disparity on children in particular. Plaintiffs have simply not alleged sufficient facts to support an inference that Defendant's alleged policy had a disparate effect on children as opposed to other persons who wear diapers. See Schwarz v. City of Treasure Island, 544 F. 3d 1201, 1218 (11th Cir. 2008) (affirming the district court's grant of summary judgment on plaintiff's FHA disparate impact claim because plaintiff presented no comparative data and relied instead on a bald assumption that the challenged restriction created an adverse impact on a protected group; "showing that a few houses are affected by an ordinance does not come close to establishing disparate impact.")

**IV. CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this Court dismiss all Counts of Plaintiffs' Complaint.

Respectfully submitted,

By: /s/Arianne B. Suarez
Arianne B. Suarez, Esquire
Florida Bar No: 143529
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Main (954) 838-8832 / Fax (954) 838-8842
E-mail: absuarez@mc-atty.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: /s/Arianne B. Suarez
Arianne B. Suarez, Esquire
Florida Bar No: 143529

**SERVICE LIST**

David N. Tolces, Esq.
Weiss Serota Helfman Cole Bierman, P.L.
1200 N. Federal Hwy., Suite 312
Boca Raton, FL 33432
E-mail: dtolces@wsh-law.com
E-mail: rwelch@wsh-law.com
For: Plaintiffs

Matthew T. Ramenda, Esq.
Weiss Serota Helfman Cole Bierman, P.L.
1200 N. Federal Hwy., Suite 312
Boca Raton, FL 33432
E-mail: mramenda@wsh-law.com
E-mail: rburks@wsh-law.com
For: Plaintiffs

                                                By: /s/Arianne B. Suarez
                                                    Arianne B. Suarez, Esquire
                                                      Florida Bar No: 143529